FILED

September 06, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
MGR

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILLIAM LEE GRANT II
    Plaintiff

             Case Number: 5:23-CV-883

versus


WILLIAM PELHAM BARR
*individual capacity

&

JAMES A. BAKER III
*individual capacity
    Defendants

**FIRST FEDERAL AMENDED COMPLAINT**

1. Plaintiff hereby incorporates by reference paragraphs 1, 2, 3, and 4 of Amended Complaint

  removed from the District Court of Frio County, Texas to the Western District of Texas as

  23-CV-883 hereinto this First Federal Amended Complaint.

2. The United States District Court for the Western District of Texas has subject-matter

  jurisdiction pursuant to:

    28 U.S.C. 1331 - Federal Question;   U.S. Constitution, Article III, §2

    28 U.S.C. 1332 - Diversity of Citizenship; 28 U.S.C. 1343 - Civil Rights and Elective
                       Franchise

    28 U.S.C. 1367 - Supplemental   28 U.S.C. 1346(b)(1) - United States as
          Jurisdiction           Defendant

    28 U.S.C. 2674 - Liability of the
          United States

3. Venue is proper in the United States District Court for the Western District of Texas pursuant

  to: 28 U.S.C. 1391(b)(2):

a. James N. Mattis, Secretary of the U.S. Department of Defense (SECDEF), and Patrick M. Shanahan (Acting-SECDEF) engaged in abuse of process in the Western District of Texas by intimidating (threatening) Western District of Texas Judges: Alia Moses (18-CV-0038 and 18-CV-0039) and Alan D. Albright (18-CV-0163) to issue court orders dismissing Mr. Grant's lawsuit between 2018 and 2019 to force Mr. Grant to re-file his litigation naming James A. Baker III and William Barr as the first named defendants.

4. Venue is proper in the United States District Court for the Western District of Texas pursuant to: 28 U.S.C. 1390(c).

5. The United States District Court for the Western District of Texas has subject-matter jurisdiction pursuant to: *28 U.S.C. 1332* - Diversity of Citizenship:

a. William Lee Grant II is a resident of Springfield, Illinois;

b. William Barr is a resident of McLean, Virginia;

c. James A. Baker III is a resident of Pearsall, Texas; and

d. the amount in controversy exceeds $75,000.00.

6. The United States District Court for the Western District of Texas has personal jurisdiction over James A. Baker III and William Barr pursuant to: Fed. R. Civ. P. 4(k)(1)(A).

7. Caspar Weinberger, Frank Carlucci, William H. Taft IV, Michael P.C. Carns, James N. Mattis, Joseph F. Dunford Jr., John F. Kelly, Ashton B. Carter, and Mark T. Esper are the aforementioned *Six Known Members*, and are hereinafter referred to as "*Six Known Members*."

8. James A. Baker III and William Barr are liable for the recovery of monetary damages to Mr. Grant pursuant to:

a. *42 U.S.C. 1983* - Civil Action for Deprivation of Rights;

b. *42 U.S.C. 1985(3)* - Conspiracy to Interfere with Civil Rights; and

c. civil liability.

## WESTFALL CERTIFICATION - PLAINTIFF'S ALLEGATION OF A HARM CAUSING INCIDENT MUST BE ACCEPTED AS TRUE

9. Mr. Grant's factual allegations must be accepted as true based on the Attorney General of the United States' delegates issuing Westfall Certifications in Mr. Grant's previous lawsuits which do not deny the "harm causing incident" occurred. James A. Baker III, William Barr, and the trial court should accept as true that a " harm causing incident" occurred. *See Wood v. U.S.*, 995 F. 2d 1122 (1st Cir. 1993). James A. Baker III and William Barr may not deny the "basic incidents" Mr. Grant provides factual allegations of in his complaint.

10. Plaintiff hereby incorporates by reference paragraph 13, 14, 15, 16, 17, and 18 of Amended Complaint removed from the District Court of Frio County Texas to the Western District of Texas as 23-CV-883 into this First Federal Amended Complaint.

11. Plaintiff hereby incorporates by reference Exhibit #14 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## PLAUSIBILITY STANDARD

12. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face (*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." Mr. Grant's allegations are deemed admitted as true by virtue of the U.S. Department of Justice (DOJ) and State of Illinois' default history. *See Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004). *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1204 (5th Cir. 1975). *See Descent v. Kolitsidas*, 396

F. Supp. 2d 1315, 1316 (M.D. Fla. 2005). The U.S. Department of Justice (DOJ) and State of Illinois defaulted in the following lawsuits filed by Mr. Grant:

    a.  the U.S. Department of Justice (DOJ) and State of Illinois defaulted in 2016 (16-CV-3245) and 2017 (17-CV-3261) in the Central District of Illinois (ILCD);

    b.  the DOJ defaulted and failed to appear in 2019 (19-CV-3001) in the ILCD;

    c.  the State of Illinois defaulted and failed to appear in 2019 (18-L-202) in the Seventh Judicial Circuit of Illinois;

    d.  default was entered against the State of Illinois in 2020 in the lawsuit docketed as 20-CV-173 the Eastern District of Virginia (EDVA);

    e.  default was entered against Joseph F. Dunford Jr. in 2021 the Massachusetts Superior Court for Plymouth County (2183-CV-00257);

    f.  the DOJ and State of Illinois defaulted and failed to appear in 2022 in 22-CV-970 and 22-CV-1087 in the Northern District of Illinois (ILND); and

    g.  Ryan Croke defaulted and failed to appear in the Southern District of Illinois (22-CV-0301).

13. Plaintiff hereby incorporates by reference Exhibit #1 and Exhibit #2 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### CAUSES OF ACTIONS - COUNTS OF COMPLAINT

14. Mr. Grant has a cause of action pursuant to Illinois common law law against James A. Baker III and William Barr for thirty (30) years of (**COUNT I**) unlawful detainment/ unlawful restraint.

15. Mr. Grant has a cause of action against James A. Baker III and William Barr for thirty (30) years of "unreasonable seizure" (**COUNT II**) actionable pursuant to *42 U.S.C. 1985(3)* for entering into an agreement with the constituted authorities of Illinois to deprive Mr. Grant of the Equal Protection of the Law establishing a policy (*custom*) of the State of Illinois enabling James A. Baker III and William Barr to deprive Mr. Grant of his U.S. Const. Amend. IV right to be free from "unreasonable seizures," and depriving Mr. Grant of his U.S. Const. Amend. XIV right to the Equal Protection of the Law acting under a policy (*custom*) of the State of Illinois making James A. Baker III and William Barr liable for the recovery of monetary damages pursuant to *42 U.S.C. 1983* and *42 U.S.C. 1985(3)*.

16. Mr. Grant has a cause of action (**COUNT III**) against James A. Baker III and William Barr for "unreasonable searches" actionable pursuant to *42 U.S.C. 1985(3)* for entering into an agreement with the constituted authorities of Illinois to deprive Mr. Grant the Equal Protection of the Law establishing a policy (*custom*) of the State of Illinois enabling James A. Baker III and William Barr to deprive Mr. Grant of his U.S. Const. Amend. IV right to be free from "unreasonable searches" and depriving Mr. Grant of his U.S. Const. Amend. XIV right to the Equal Protection of the Law acting under a policy (*custom*) of the State of Illinois making James A. Baker III and William Barr liable for the recovery of monetary damages pursuant to *42 U.S.C. 1983* and *42 U.S.C. 1985(3)*.

17. Mr. Grant has a cause of action (**COUNT IV**) against James A. Baker III and William Barr for intimidation actionable under Illinois law (*See 720 ILCS 5/12-6(a)(1)*).

18. Mr. Grant has a cause of action (**COUNT V**) under Illinois common law against James A. Baker III and William Barr for retaliatory discharge.

19. Mr. Grant has a cause of action (**COUNT VI**) under Illinois common law against James A. Baker III and William Barr for assault and battery.

20. Mr. Grant has a cause of action (**COUNT VII**) under Illinois common law against James A. Baker III and William Barr for authorized assault.

21. Mr. Grant has a cause of action (**COUNT VIII**) pursuant to *42 U.S.C. 1985(3)* against James A. Baker III and William Barr for entering into an agreement with the constituted authorities of Illinois to deprive Mr. Grant of the Equal Protection of the Law for establishing a policy (*custom*) of the State of Illinois enabling James A. Baker III and William Barr to deprive Mr. Grant of his U.S. Const. Amend. XIV right to the Equal Protection of the Law acting under a policy (*custom*) of the State of Illinois making James A. Baker III and William Barr liable for the recovery of monetary damages pursuant to *42 U.S.C. 1983* and *42 U.S.C. 1985(3)*.

22. Mr. Grant has a cause of action (**COUNT IX**) pursuant to *42 U.S.C. 1985(3)* against James A. Baker III and William Barr for entering into an agreement with the constituted authorities of Illinois to deprive Mr. Grant of the Equal Protection of the Law for Mr. Grant establishing a policy (*custom*) of the State of Illinois enabling James A. Baker III and William Barr to deprive Mr. Grant of his U.S. Const. Amend. XIII right to not be an involuntary servant, and depriving Mr. Grant of his U.S. Const. Amend. XIV right to the Equal Protection of the Law under a policy (*custom*) of the State of Illinois making James A. Baker III and William Barr liable for the recovery of monetary damages pursuant to *42 U.S.C. 1983* and *42 U.S.C. 1985(3)*.

23. Mr. Grant has a cause of action (**COUNT X**) under Illinois common law for abuse of process against James A. Baker III and William Barr.

24. Mr. Grant has a cause of action (**COUNT XI**) pursuant to *42 U.S.C. 1985(1)* and *42 U.S.C. 1985(2)* against James A. Baker III and William Barr for *Six Known Members* intimidating (threatening) U.S. Federal judges to not discharge their duties as impartial arbiters of the law by issuing a court order dismissing Mr. Grant's lawsuits hindering the due course of justice making James A. Baker III and William Barr liable for the recovery of monetary damages pursuant to *42 U.S.C. 1985(3)*.

### BACKGROUND

25. With the consent of President Ronald Reagan, James A. Baker III (White House Chief of Staff), and Caspar Weinberger (SECDEF) began siphoning funds from the Strategic Defense Initiative (circa 1984) to genetically-engineer Mr. Grant to predict future nuclear weapons attacks.

26. Upon the resignation of Caspar Weinberger as SECDEF, Frank Carucci became the SECDEF, and was recruited into the unlawful endeavor of President Ronald Reagan, James A. Baker III, and Caspar Weinberger of engaging in human experimentation.

27. Mr. Grant was created at Air Force Systems Command in Maryland, and became conscious on July 4, 1990. James A. Baker III, Caspar Weinberger, and Frank Carlucci through oral communication made it clear to Mr. Grant that Mr. Grant was not "free to leave" Air Force Systems Command.

28. Mr. Grant was unlawfully detained under armed guard at AFSC in Maryland for three (3) weeks in July of 1990.

29. In July of 1990, James A. Baker III (SECSTATE), Caspar Weinberger (retired SECDEF), and Frank Carlucci (retired SECDEF) recruited William H. Taft IV (DEPSECDEF) to obtain

additional U.S. Department of Defense resources to be used in the enterprise against Mr. Grant.

30. William H. Taft IV (DEPSECDEF) facilitated the trafficking of Mr. Grant from AFSC in Maryland to the basement of the Pentagon in Virginia in July of 1990.

31. James A. Baker III, Caspar Weinberger, Frank Carlucci, and William H. Taft IV entered into an agreement with one another to trafffick Mr. Grant from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia in 1990 to be unlawfully detained under armed guard.

32. Caspar Weinberger and Frank Carlucci were both retired from the position of SECDEF, and had no operational authority over the U.S. Department of Defense. James A. Baker III was the SECSTATE, and had no operational authority over the U.S. Department of Defense in 1990.

33. William H. Taft IV, DEPSECDEF, recruited Michael P.C. Carns (Director of Joint Staff), James N. Mattis, Joseph F. Dunford Jr., John F. Kelly, Ashton B. Carter, and Mark T. Esper to enter into an agreement to unlawfully detain (and unlawfully restrain) Mr. Grant in the basement of the Pentagon under armed guard beginning in July of 1990 without probable cause or legal authority.

34. Between 1990 and 1992, James N. Mattis, Joseph F. Dunford Jr., John F. Kelly, Mark T. Esper, Gregory K. Harris, and Joint Special Operations Command (JSOC) lawyers took their official orders from William H. Taft IV (DEPSECDEF) and Michael P.C. Carns (Director of Joint Staff).

35. William H. Taft IV petitioned President George H.W. Bush to be appointed the U.S. Permanent Representative to the NATO in 1990, while still serving as DEPSECDEF until the conclusion of President George H.W. Bush's administration in 1993.

36. William H. Taft IV was "offshored." William H. Taft IV remained as DEPSECDEF, but was on the Federal payroll as the U.S. Permanent Representative to NATO. William H. Taft IV continued to work in the Pentagon until the conclusion of President George H.W. Bush's administration.

37. Plaintiff hereby incorporates by reference Exhibit #13 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

38.  William H. Taft IV had the paperwork for his resignation backdated to make it appear as though William H. Taft IV resigned from the U.S. Department of Defense prior to Mr. Grant being trafficked from AFSC in Maryland to the basement of the Pentagon in Virginia in 1990.

39. After the beginning of 1991, James A. Baker III, Frank Carlucci, and Caspar Weinberger recruited William Barr (AGUSA) to obtain U.S. Department of Justice resources to be used in the enterprise against Mr. Grant.

40. William H. Taft IV and Michael P.C. Carns were complicit in providing material assistance and legitimacy in engineering the enterprise of James A. Baker III, William Barr, and *Six Known Members* to deprive Mr. Grant of his U.S. Constitutional rights for more than twenty-five (25) years under a policy (*custom*) of the State of Illinois designed to:

    a. give Mr. Grant legal cause to appear in Federal court to obtain his release from bondage; and

    b.  provoke Mr. Grant to commit suicide to conceal the criminal enterprise of James A. Baker III, William Barr, and *Six Known Members*.

41. James A. Baker III, William Barr, and *Six Known Members* entered into agreements with one another to hinder and prevent the constituted authorities from giving or securing the Equal Protection of the Law for Mr. Grant beginning in 1991.

42. James A. Baker III, William Barr, and *Six Known Members* entered into agreements with one another between 1990 and 1992 to recruit officials of Illinois to hinder and prevent the constituted authorities of Illinois from giving or securing the Equal Protection of the Law for Mr. Grant enabling James A. Baker III, William Barr, and *Six Known Members* to conspire against Mr. Grant, and to deprive Mr. Grant of his U.S. Constitutional rights under a policy (*custom*) of the State of Illinois.

43. Mr. Grant was required to work with Joint Special Operations Command (JSOC) lawyers between 1990 and 1992 while Mr. Grant was detained in the basement of the Pentagon (under armed guard) to learn the parameters established by James A. Baker III, William Barr, and *Six Known Members* for Mr. Grant to allegedly obtain his freedom from the bondage placed upon him by James A. Baker III, William Barr, and *Six Known Members*.

44. William Barr (AGUSA) placed Gregory K. Harris on the payroll of the ILCD U.S. Attorney's Office to conspire against Mr. Grant at the direction of James A. Baker III, William Barr, and *Six Known Members* beginning in 1992.

45. James A. Baker III, William Barr, and *Six Known Members* trafficked Mr. Grant from the basement of the Pentagon in Virginia to Springfield, Illinois in 1992 to be unlawfully detained in Illinois under threat of violence from *Six Known Members*.

**COUNT I - UNLAWFUL DETAINMENT**

46. Plaintiff hereby incorporates by reference paragraphs 156, 157, and 158 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## COUNT II - UNREASONABLE SEIZURE

47. Plaintiff hereby incorporates by reference paragraphs 159 and 160 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## FALSE DRIVING UNDER THE INFLUENCE (DUI) CHARGES
## COUNT III - UNREASONABLE SEARCHES

48.  Plaintiff hereby incorporates by reference paragraphs 161, 162, 163, 164, 165, 166, 167, 168, 169, and 170 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

49. Plaintiff hereby incorporates by reference paragraph 27 of Amended Complaint (inclusive of the chart located at paragraph 27(d) outlining all of the traffic tickets issued by Illinois State Police Trooper Tyler Price naming William Lee Grant II on November 26, 2009) removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## WARRANTLESS BLOOD DRAW

50. Plaintiff hereby incorporates by reference paragraphs 171, 172, 173, 174, 175, and 176 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-Cv-883 hereinto this First Federal Amended Complaint.

## FRAUDULENT DUI PROSECUTION

51. Plaintiff hereby incorporates by reference paragraphs 177, 178, 179, 180, 181, and 182 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## INTIMIDATION (COUNT IV)

52. Plaintiff hereby incorporates by reference paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## RETALIATORY DISCHARGE (COUNT V)

53. Plaintiff hereby incorporates by reference paragraphs 195, 196, 197, 198, 199, 200, 201, 202, and 203 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

54. Plaintiff hereby incorporates by reference Exhibit #5, Exhibit #6, Exhibit #7, Exhibit #8, and Exhibit #9 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## ASSAULT AND BATTERY (COUNT VI)

55. Plaintiff hereby incorporates by reference paragraphs 204, 205, 206, 207, 208, 209, 210, 211, and 212 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## AUTHORIZED ASSAULT (COUNT VII)

56. Plaintiff hereby incorporates by reference paragraphs 213, 214, 215, and 216 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## EQUAL PROTECTION OF THE LAW & DENIAL OF DUE PROCESS OF LAW
### COUNT VIII

57. Plaintiff hereby incorporates by reference paragraphs 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, and 229 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

58. Plaintiff hereby incorporates by reference Exhibit #5, Exhibit #7, Exhibit #8, and Exhibit #9 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### STATE OFFICIAL AND EMPLOYEES ETHICS ACT

59. Plaintiff hereby incorporates by reference paragraph 230 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### SLAVERY and INVOLUNTARY SERVITUDE (COUNT IX)

60. Plaintiff hereby incorporates by reference paragraphs 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, and 242 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

61. Plaintiff hereby incorporates by reference Exhibit #3, Exhibit #4, Exhibit #15, and Exhibit #16 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### COUNT X - ABUSE OF PROCESS

62. Plaintiff hereby incorporates by reference paragraphs 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, and 258 of Amended Complaint removed from the

District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

63. Plaintiff hereby incorporates by reference Exhibit #1, Exhibit #2, Exhibit #7, and Exhibit #14 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-Cv-883 hereinto this First Federal Amended Complaint.

**42 U.S.C. 1985(1) - PREVENTING OFFICER FROM PERFORMING DUTIES**
**&**
**42 U.S.C. 1985(2) - OBSTRUCTING JUSTICE**

**COUNT XI**

259.   Plaintiff hereby incorporates by reference paragraphs 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, and 271 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

260.   Plaintiff hereby incorporates by reference Exhibit #1, Exhibit #2, and Exhibit #14 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

**SURVIVING A MOTION TO DISMISS**

64. Plaintiff hereby incorporates by reference paragraphs 19, 20, 21, and 22 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

**PLAUSIBILITY STANDARD - CONSPIRACY ALLEGED ON PERSONAL KNOWLEDGE NOT A LEGAL CONCLUSION**

65. Plaintiff hereby incorporates by reference paragraphs 24, 25, 26, 27, and 28 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 into this First Federal Amended Complaint.

## FEDERAL OFFICER LIABILITY UNDER 42 U.S.C. 1983

66. Plaintiff hereby incorporates by reference paragraph 29 of Amended Complaint removed

from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883

into this First Federal Amended Complaint.

## LIABILITY UNDER 42 U.S.C. 1983

67. Plaintiff hereby incorporates by reference paragraphs 30 and 31 of Amended Complaint

removed from the District Court of Frio County, Texas to the Western District of Texas as

23-CV-883 hereinto this First Federal Amended Complaint.

## SUPERVISORY LIABILITY UNDER 42 U.S.C. 1983

68.  Plaintiff hereby incorporates by reference paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41,

42, 43, 44, and 45 of Amended Complaint removed from the District Court of Frio County,

Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended

Complaint.

## INTRACORPORATE CONSPIRACY DOCTRINE NOT APPLICABLE

69. Plaintiff hereby incorporates by reference paragraph 46 of Amended Complaint removed

from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883

hereinto this First Federal Amended Complaint.

## RACIALLY BASED ANIMUS

70. Plaintiff hereby incorporates by reference paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56,

57, 58, 59, 60, 61, and 62 of Amended Complaint removed from the District Court of Frio

County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal

Amended Complaint.

## DISCRIMINATORY POLICY / CUSTOM ACTIONABLE UNDER 42 U.S.C. 1983

71. Plaintiff hereby incorporates by reference paragraphs 63, 64, and 65 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### FEDERAL OFFICER LIABILITY UNDER 42 U.S.C. 1985(3)

72. Plaintiff hereby incorporates by reference paragraphs 66 and 67 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### LACK OF QUALIFIED IMMUNITY

73. Plaintiff hereby incorporates by reference paragraphs 68, 69, 70, 71, 72, 73, 74, and 75 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### SCOPE OF EMPLOYMENT

74. Plaintiff hereby incorporates by reference paragraphs 76, 77, 78, 79, 80, 81, 82, 83, and 84 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### CONDUCT OF U.S. FEDERAL EMPLOYEES

75. Plaintiff hereby incorporates by reference paragraphs 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, and 106 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### AUTHORIZED TIME AND SPACE OF U.S. FEDERAL EMPLOYEES CONDUCT

76. Plaintiff hereby incorporates by reference paragraphs 107, 108, 109, 110, 111, 112, 113, 114, and 115 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

<u>CONDUCT IN PERFORMANCE OF SERVING MASTER/PRINCIPAL</u>

77. Plaintiff hereby incorporates by reference paragraphs 116, 117, 118, 119, and 120 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

**EQUITABLE TOLLING**

78. Plaintiff hereby incorporates by reference paragraph 141 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

**SAVINGS STATUTE - 735 ILCS 5/13-217**

79. Plaintiff hereby incorporates by reference paragraph 142 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

**CONTINUING TORT DOCTRINE**

80. Plaintiff hereby incorporates by reference paragraphs 143 and 144 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

**RESPONDEAT SUPERIOR**

81. Plaintiff hereby incorporates by reference paragraphs 259 and 260 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## JOINT TORTFEASOR LIABILITY

82. Plaintiff hereby incorporates by reference paragraph 261 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## RES JUDICATA

83. Plaintiff hereby incorporates by reference paragraphs 262 and 264 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## SUBJECT-MATTER JURISDICTION

265.    Plaintiff hereby incorporates by reference paragraphs 265, 266, 267, 268, and 269 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## <u>FEDERAL RULE OF EVIDENCE 602</u>

266.    Plaintiff hereby incorporates by reference paragraph 270 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## TOOLEY v. NAPOLITANO, 586 F. 3d 1006, 1009-10 (D.C. Cir. 2009)

267.    Plaintiff hereby incorporates by reference paragraphs 271, 272, 273, 274, and 275 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## FEDERAL TORT CLAIMS ACT

268.    Plaintiff hereby incorporates by reference paragraphs 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, and 292 of Amended Complaint removed from

the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883

hereinto this First Federal Amended Complaint.

269.    Plaintiff hereby incorporates by reference Exhibit #10, Exhibit #11, Exhibit #17, and

Exhibit #18 of Amended Complaint removed from the District Court of Frio County, Texas

to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended

Complaint.

### FED. R. CIV. P. 8

270.    Plaintiff hereby incorporates by reference paragraphs 293, 294, 295, 296, and 297 of

Amended Complaint removed from the District Court of Frio County, Texas to the Western

District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### ERRORS IN ILCD JUDGE COLIN S. BRUCE'S RULING (16-CV-3245)

149.    Plaintiff hereby incorporates by reference paragraphs 149, 150, and 151 of Amended

Complaint removed from the District Court of Frio County, Texas to the Western District of

Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

### ERRORS IN ILCD JUDGE COLIN S. BRUCE'S RULING (17-CV-3261)

150.    Mr. Grant along with the U.S. Department of Justice and State of Illinois did not consent

to proceed before a magistrate judge. Central District of Illinois Magistrate Judge Eric I.

Long (17-CV-3261) did not have authorization to approve Mr. Grant's Motion to Amend

Complaint. Therefore, the U.S. Department of Justice and State of Illinois were in default for

more than eighteen (18) days.

### ERRORS IN ILCD JUDGE JOE BILLY MCDADE RULING (19-CV-3001)

151.    The U.S. Department of Justice removed Mr. Grant's lawsuit from the Seventh Judicial Circuit of Illinois to the Central District of Illinois on January 25, 2019, and after removal never filed a motion to dismiss or an answer.

## PROXIMATE CAUSE

271.    Plaintiff hereby incorporates by reference paragraphs 298, 299, 300, 301, 302, and 303 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

## INTENT

272.    Plaintiff hereby incorporates by reference paragraphs 304, 305, 306, 307, 308, 309, 310, 311, and 312 of Amended Complaint removed from the District Court of Frio County, Texas to the Western District of Texas as 23-CV-883 hereinto this First Federal Amended Complaint.

273.    Mr. Grant requests a jury trial.

274.    Mr. Grant requests $99,000,000,000,000.00 in damages.

275.    Central District of Illinois (ILCD) Judges: Colin S. Bruce (16-CV-3245 and 17-CV-3261) and Joe Billy McDade (19-CV-3001) admitted to the Federal Bureau of Investigation that *Six Known Members* had intimidated them to issue court orders to dismiss Mr. Grant's lawsuits.

DATE: September 5, 2023

William Lee Grant II
901 Wythe Road
Springfield, Illinois 62702
(217)726-5269

Shawn Carter is the Best Big Brother a kid could ask for.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILLIAM LEE GRANT II
       Plaintiff

Case Number: 5:23-CV-883

versus

WILLIAM PELHAM BARR

&

JAMES A. BAKER III
       Defendants

CERTIFICATE OF SERVICE

I, William Lee Grant II, certify I sent a true and correct copy of First Federal Amended

Complaint to the following on September 6, 2023 using electronic mail and U.S. Postal Mail to

the following:

James E. Dingivan
Assistant U.S. Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597

james.dingivan@usdoj.gov

William Lee Grant II
901 Wythe Road
Springfield, Illinois 62702
(217)726-5269
wgran2@gmail.com