UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**WILLIAM LEE GRANT II,**

   *Plaintiff*,

v.   Case No. SA-23-CV-00883-JKP

**WILLIAM BARR, JAMES A. BAKER,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants William Barr and James A. Baker III's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 12. The Court construes the complaint as alleging causes of action against the Defendants in their official capacities and will therefore refer to the defendants as "the Government." Plaintiff William Lee Grant II, who appears *pro se*, filed a response and the Government replied. *See* ECF Nos. 13, 14. For the reasons discussed herein, the Court **GRANTS** the motion and **DISMISSES** the case without prejudice because it lacks jurisdiction. Final judgment will be entered by separate order.

### BACKGROUND

The U.S. Government removed this case from state court because the named Defendants, former U.S. Attorney General William Barr former U.S. Secretary of State James A. Baker III, are sued in their official capacities. Although the complaint attempts to sue the Defendants in their individual capacities, the alleged actions giving rise to the complaint's claims began while both Defendants were members of presidential administrations and in furtherance of their official

duties. The Court, therefore, construes the complaint as a complaint against the U.S. Government.

Grant's complaint contains a meandering 317 numbered paragraphs, in which he alleges the named Defendants were part of a Government conspiracy to genetically engineer Grant so that he could predict future nuclear weapon attacks. Grant refers to himself as an "entity" created at Air Force Systems Command in Maryland. He says he became conscious on July 4, 1990, at which time Government officials informed Grant he was not free to leave Air Force Systems Command. Grant further alleges he was trafficked from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia in 1990 to be unlawfully detained under armed guard. Grant further alleges that in 1992, the Defendants trafficked him from the basement of the Pentagon in Virginia to Springfield, Illinois to be unlawfully detained in Illinois under threat of violence. Based on these allegations, Grant brings 11 counts alleging various violations which he believes to be actionable pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and Illinois state law.

Grant has filed numerous lawsuits in federal courts across the country, including multiple lawsuits in Texas making similar allegations to those in the case at bar. Most recently, U.S. District Court Judge Andrew S. Hanen dismissed a similar case filed by Grant for failure to state a claim upon which relief can be granted. *Grant v. Barr et al.*, No. 4:22-CV-03071 (S.D. Tex. Sept. 2022). In 2021, U.S. District Court Judge Ricardo Hinojosa entered an order dismissing a case filed by Grant based on the Report and Recommendations provided by U.S. Magistrate Jude J. Scott Hacker which recommended Grant's *in forma pauperis* ("IFP") application be denied and the case dismissed without prejudice due to comity and frivolousness. *Grant, II v. Baker et al.*, No. 7:20-CV-00232 (S.D. Tex August 2020). Grant filed similar complaints across Divisions

of the Southern District of Texas. *See Grant, II v. Baker et al.*, No. 1:20-CV-00123; *Grant, II v. Baker et al.*, No. 5:20-CV-00131; *Grant, II v. Baker et al.*, No. 7:20-CV-00232; *Grant, II v. Baker et al.*, No. 2:20-MC-00871. In each of these cases, Grant's IFP application was denied and the case was dismissed due to comity, frivolousness, or both. Western District of Texas Chief U.S. District Court Judge Alia Moses entered an order dismissing a similar case filed by Grant "given the frivolousness of the Plaintiff's allegations," and the Court's belief "that the Plaintiff has pled his best case and that dismissal of the complaint is appropriate and warranted under the circumstances." *Grant v. U.S. Dep't of Transp. and U.S. Dep't of Treasury*, No. 2:18-CV-00038 (W.D. Tex. June 2018). U.S. District Court Judge Alan D. Albright similarly dismissed a case filed by Grant and adopted the Magistrate Judge's Report and Recommendations recommending Grant "be prohibited from filing further actions *in forma pauperis* until he pays the Clerk the sum of $100.00 as a sanction for his continued filing of frivolous complaints and abuse of the privilege of seeking to proceed *in forma pauperis*." *Grant v. U.S. Dep't of Def.*, No. 6:18-CV-00163 (W.D. Tex. June 2018).

In the case at bar, Grant did not seek IFP status because the Defendants removed the case to federal court; however, Grant's allegations in this case mirror those of his previously dismissed cases. The Government argues Grant's complaint in this case should be dismissed pursuant to Rule 12(b)(1) because Grant's claims are so devoid of merit the Court lacks jurisdiction. In the alternative, the Government argues the case should be dismissed because the Government has not waived sovereign immunity, the statute of limitations has run, and Grant has failed to state a claim upon which relief can be granted. The Court need not reach the Government's alternative arguments; however, because the Court agrees Grant's allegations are so devoid of merit that the Court lacks jurisdiction under Rule 12(b)(1).

**LEGAL STANDARD**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A Rule 12(b)(1) motion to dismiss should be granted if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The burden of establishing subject matter jurisdiction rests on the party seeking to invoke it. *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Although "a federal court always has jurisdiction to determine its own jurisdiction," *United States v. Ruiz*, 536 U.S. 622, 628 (2002), it may not otherwise take judicial action in the absence of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.*

## ANALYSIS

The Government argues Grant's claims constitute a "fanciful" and "bizarre" conspiracy theory subjecting the case to dismissal under Rule 12(b)(1). The Supreme Court has repeatedly held that federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit. *See e.g. Hagans v. Lavine*, 415 U.S. 528, 536 (1974). Complaints that are comprised of "fanciful claims" and "bizarre conspiracy theories" are generally subject to dismissal on that basis. *Roum v. Bush*, 461 F.Supp.2d 40, 46 (D.D.C. 2006), citing, *Bestor v. Lieberman*, 2005 WL 681460 at *1 (D.D.C. 2005).

As stated above, Grant alleges he is an entity created by the federal government, genetically engineered to predict future nuclear weapon attacks. He further asserts he was created at Air Force Systems Command in Maryland, became conscious on July 4, 1990, and was told by Baker and two former Secretaries of Defense that he was not free to leave Air Force Systems Command. He alleges the existence of a Government conspiracy to traffic him from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia. Grant further alleges that in 1992, the Defendants trafficked him from the basement of the Pentagon in Virginia to Springfield, Illinois to be unlawfully detained in Illinois under threat of violence.

The Government argues these allegations are exactly the type of "fanciful claims" and "bizarre conspiracy theories" that are generally subject to dismissal under Rule 12(b)(1) because they are so attenuated and unsubstantial as to be absolutely devoid of merit. *Roum v. Bush*, 461 F.Supp.2d at 46; *Hagans v. Lavine*, 415 U.S. at 536. The Court agrees and, accordingly, dismisses this case without prejudice because it lacks jurisdiction.

**CONCLUSION**

For the reasons discussed, the Court **GRANTS** the Government's Motion to Dismiss (ECF No. 12) and **DISMISSES** this case without prejudice pursuant to Rule 12(b)(1) because it lacks jurisdiction. Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 16th day of April, 2024.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE